2006 BNH 044
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                    Bk. No. 06-11214-MWV
                                                                                          Chapter 11
Pittsfield Weaving Company,
                    Debtor

*William S. Gannon, Esq.*
*WILLIAM S. GANNON PLLC*
*Attorney for Debtor*

*Geraldine B. Karonis, Esq.*
*OFFICE OF THE UNITED STATES TRUSTEE*


## MEMORANDUM OPINION

The Court has before it the Debtor's Application for Authority to Retain Counsel, namely, William S. Gannon, Esquire, and William S. Gannon PLLC.  On September 20, 2006, the Debtor, Pittsfield Weaving Company, filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The application currently before this Court was filed on November 3, 2006, but does not seek *nunc pro tunc* approval to the petition date.  The United States Trustee has objected to the application, alleging that counsel is not disinterested and may represent an adverse interest to the Debtor.  A hearing was held on the application on November 17, 2006.  At the hearing, counsel for the recently appointed Unsecured Creditors' Committee supported the retention application.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**DISCUSSION**

The United States Trustee asserts that Mr. Gannon is an unsecured creditor and thus not disinterested as required by 11 U.S.C. § 327(a)[1]. Mr. Gannon has previously filed a notice of subordination of his claim to all creditors, other than insiders, but has stated in his response to the United States Trustee's objection and in open court that he would waive the prepetition claim in its entirety.

The United States Trustee further asserts that Mr. Gannon may have an adverse interest since he represents Mr. Frank Rich, or entities controlled by Mr. Rich, in Boston Equipment & Supply Company, Inc., a Chapter 11 case presently before this Court, and he also represents the New Hampshire Loan Fund. Apparently, both Mr. Rich and the New Hampshire Loan Fund are interested in financially assisting the Debtor, either as a lender or an investor. At the hearing, it was stated that Mr. Rich as well as some of the company insiders had purchased wage claims prior to the Chapter 11 filing. Although alleged by the United States Trustee that Mr. Rich had made loans to the Debtor, it was uncontested that, other than the purchase of the wage claims, Mr. Rich has made no other loans to the Debtor

The United States Trustee, in her opposition, relied heavily on the First Circuit case, Rome v. Braunstein, 19 F.3d 54 (1st Cir. 1994). That case disallowed fees to counsel to a Chapter 7 debtor due to disqualifying conflicts of interest. That case stands, first and foremost, for the proposition that there must be disclosure of any possible conflict of interest. The Court finds in the instant case that there has been disclosure in connection with the application before the Court.

The question then before the Court is whether the disclosed relationships held by Attorney Gannon require the denial of the application to be retained as Debtor's counsel. In Rome, the court realized that in certain cases, other factors may outweigh disqualification.

> Of course, disclosure of facts suggesting a conflict is not invariably followed by disqualification. In special circumstances, for example, the bankruptcy court could determine, in the sound exercise of its discretion, that any potential impairment of its institutional integrity, or risk of divided loyalty by counsel, was substantially outweighed by the benefits to be derived from counsel's continued representation of multiple entities

---

[1] All statutory section references herein are to the Bankruptcy Code, as amended, 11 U.S.C. § 101, *et seq.*

>or the impracticability of disentangling multiple interests "without unreasonable delay and expense." In re Hoffman, 53 B.R. 564, 566 (Bankr. W.D. Ark. 1985). See In re O'Connor, 52 B.R. at 895 (noting countervailing interest in "curtailment of administrative expenses" where potential for conflict is dormant or remote). In no event, however, may counsel *presume* dispensation from the full disclosure required by § 327(a) or the sanctions authorized under § 328(c). See also Fed. R. Bankr. P. 2014(a).

Rome v. Braunstein, 19 F.3d at 59 n.3.

The Court finds that this is such a case. The case is now two months old. Mr. Gannon has assumed the Debtor's representation without a retainer. While this Court realizes that there are other qualified counsel who could represent the Debtor, it is doubtful that they would agree at this point to represent the Debtor without a significant retainer. Further, there is a history of "negotiations" with the secured lender, which history would be lost. Finally, as argued by the creditors' committee counsel, there are other checks and balances in place, namely, the Debtor itself, counsel for the secured party, and counsel for the creditors' committee, all of which are looking out for their own best interests.

## CONCLUSION

For the above reasons, the Court grants the Debtor's application to hire counsel, provided that (1) Attorney Gannon entirely waives his prepetition claim, and (2) Mr. Gannon represents to the Court, in writing, that he will not formally or informally represent any potential lender or investor in connection with this case. The effective date of this order is November 3, 2006.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 27th day of November, 2006, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge